IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| STEVEN GUIDO | § | |
| | § | |
| v. | § | Case No. 2:14-CV-320-JRG-RSP |
| | § | |
| METROPOLITAN LIFE INSURANCE | § | |
| COMPANY | § | |

**MEMORANDUM ORDER**

Currently before the Court is Defendant's Motion to Transfer Venue (Dkt. No. 4), filed by Defendants on May 22, 2014. The motion seeks to transfer this case to the Eastern District of Pennsylvania under 28 U.S.C. §1406 and 28 U.S.C. §1404.

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006). The first inquiry when analyzing a case's eligibility for § 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203. The public factors are: 1) the administrative

1

difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.*

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *Id.* at 315. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314-15

Plaintiff argues that the statutory ERISA venue provision controls. That statute says "[w]here an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found." 29 U.S.C. §1132(e)(2). The Court observes that this statute is broader than traditional venue provisions, and likely disposes of any argument that venue is improper in this district. Notwithstanding the ERISA-specific venue provision, a party requesting transfer must show – as a threshold matter – that venue would be proper in the transferee district. The parties dispute where the breach occurred, and it seems that many of Defendant's arguments with regard to whether MetLife "may be found" in this district would apply equally to the Eastern District of Pennsylvania, given that none of Defendants' activities are any more centered there than they are in this district.

Even if Defendant could reconcile its arguments as to improper venue, analysis of the

2

convenience factors still shows that transfer is inappropriate here. There will be no trial in this case, thus subpoena power for trial and cost of attendance are essentially neutral. To the extent that those factors did come into play, the parties have identified only a single non-party witness that would be likely to offer testimony (in the unlikely event such testimony would be relevant or desirable), and that witness resides within this District. Further, even Defendants' own witnesses do not appear to reside in or near the Eastern District of Pennsylvania. Thus, this factor is neutral (at best for Defendant) or weighs against transfer.

Defendant does not directly address the access to sources of proof factor, and thus the Court similarly finds that factor neutral. While the weight of all these factors is substantially lessened given the fact that this case does not necessitate a trial, the Court finds it notable that even if Defendant were required to produce voluminous witnesses or documents (which appears unlikely), they would come from far outside the Eastern District of Pennsylvania. Thus, the Court finds that the private interest factors in this case do not favor transfer. The Court finds that the public interest factors in this case are neutral.

Plaintiff also argues that Defendant's failure to request a convenience transfer in an unrelated case filed in this district counsels against transfer. The Court finds this position remarkable, and notes that Plaintiff cites to no authority suggesting that this type of waiver exists – even when each unrelated case presents similar facts. The Court rejects Plaintiff's position regarding other cases in this district and does not rely upon it in making its transfer decision.

**CONCLUSION**

Defendant has failed to meet its burden of showing that the transferee venue is "clearly more convenient" than the transferor venue. Accordingly, the Motion is **DENIED**.

**SIGNED this 31st day of March, 2015.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE